[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12535
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cv-01030-VMC-TGW


ERIC DUDLEY,

Plaintiff-Appellant,

versus

JP MORGAN CHASE BANK, N.A.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 31, 2014)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Eric Dudley, proceeding pro se, appeals the district court's sua sponte

dismissal of his complaint for lack of jurisdiction and denial of his motion for

reconsideration.  Because the district court correctly determined that it lacks jurisdiction over Dudley's action, we affirm.

The district court dismissed Dudley's federal case because he sought federal court review of a state court's decision against him in a state foreclosure action. On appeal, Dudley does not dispute that "the purpose of this [action] is to request the Supreme Court of Florida to correct the error of the lower courts," that is, the Florida state courts which exercised jurisdiction over his foreclosure.

However, as the district court's order correctly concludes, "federal district courts have no authority to review final judgments of a state court." Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1072 (11th Cir. 2013) (quotation mark omitted); see also Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam) ("The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."). Dudley's action in the federal district court falls squarely within the narrow scope of cases which cannot be entertained in federal district courts under the Rooker-Feldman doctrine.[1]  His case is one "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court

---

[1] The Rooker-Feldman doctrine stems from the United States Supreme Court's decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).

2

proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005). The district court therefore correctly concluded that it cannot exercise jurisdiction over Dudley's action. As a result, we find no error in the district court's sua sponte dismissal of Dudley's complaint or its denial of his motion for reconsideration.

**AFFIRMED.**